UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

    v.                                        Civil Action No. 4:10-cv-5172

BAYOU CITY E.M.S. GROUP, INC.,
WILLOWBROOK E.M.S. GROUP, INC.,
EDUARDO CASAS, YOLANDA ESPINOSA,
ROY CASAS, THOMAS RAY and
MELISSA MCDUGLE

        Defendants.

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action to enjoin the defendants, Bayou City E.M.S. Group, Inc. (Bayou City), Willowbrook E.M.S. Group, Inc. (Willowbrook), Eduardo Casas, Yolanda Espinosa, Roy Casas, Thomas Ray and Melissa McDugle from violating the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., hereinafter referred to as the Act, and to restrain defendants from withholding payment of overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant, Bayou City, is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business at 12112 Almeda Road, Houston, Texas 77045, within the jurisdiction of this Court.

2. Defendant, Willowbrook, is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business at 12112 Almeda Road, Houston, Texas 77045, within the jurisdiction of this Court.

3. Defendant, Eduardo Casas, has a place of business and is doing business in Houston, Texas, within the jurisdiction of this Court, where Eduardo Casas is, and at all times hereinafter mentioned was, Owner and President of the defendant Bayou City and actively manages, supervises and directs the business affairs and operations of the defendant, Bayou City.  Eduardo Casas acts and has acted, directly and indirectly, in the interest of the defendant, Bayou City in relation to its employees and is an employer of these employees within the meaning of the Act.

4. Defendant, Yolanda Espinosa, has a place of business and is doing business in Houston, Texas, within the jurisdiction of this Court, where Yolanda Espinosa is, and at all times hereinafter mentioned was, Owner and President of the defendant Willowbrook and actively manages, supervises and directs the business affairs and operations of the defendant, Willowbrook.  Yolanda Espinosa acts and has acted, directly and indirectly, in the interest of the defendant, Willowbrook in relation to its employees and is an employer of these employees within the meaning of the Act.

5. Defendant, Roy Casas, has a place of business and is doing business in Houston, Texas, within the jurisdiction of this Court, where Roy Casas is, and at all times hereinafter mentioned was, Director of Operations of the defendant Willowbrook and actively manages, supervises and directs the business affairs and operations of the defendant, Willowbrook.  Roy Casas acts and has acted,

directly and indirectly, in the interest of the defendant, Willowbrook in relation to its employees and is an employer of these employees within the meaning of the Act.

6. Defendant, Thomas Ray, has a place of business and is doing business in Houston, Texas, within the jurisdiction of this Court, where Thomas Ray is, and at all times hereinafter mentioned was, Director of Operations of the defendant Bayou City and actively manages, supervises and directs the business affairs and operations of the defendant, Bayou City. Thomas Ray acts and has acted, directly and indirectly, in the interest of the defendant, Bayou City in relation to its employees and is an employer of these employees within the meaning of the Act.

7. Defendant, Melissa McDugle, has a place of business and is doing business in Houston, Texas, within the jurisdiction of this Court, where Melissa McDugle is, and at all times hereinafter mentioned was, Business Admininstrator of the defendants Bayou City and Willowbrook and actively manages, supervises and directs the business affairs and operations of the defendants Bayou City and Willowbrook. Melissa McDugle acts and has acted, directly and indirectly, in the interest of the defendants, Bayou City and Willowbrook in relation to its employees and is an employer of these employees within the meaning of the Act.

III.

At all times hereinafter mentioned, Bayou City and Willowbrook have been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. Sec. 203(r), in that Bayou City and Willowbrook have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Bayou City and Willowbrook have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since December 6, 2007 defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by the defendants from their employees.

VII.

WHEREFORE, cause having been shown, plaintiff prays for judgment against Bayou City E.M.S. Group, Inc., Willowbrook E.M.S. Group, Inc., Eduardo Casas, Yolanda Espinosa, Roy Casas, Thomas Ray and Melissa McDugle as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating Sections 7 and 15(a)(2) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding defendants liable for unpaid overtime compensation due to defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining defendants from withholding payment of unpaid overtime compensation found due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4. For an Order awarding plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | M. PATRICIA SMITH<br>Solicitor of Labor |
|  | JAMES E. CULP<br>Regional Solicitor |
| <u>Address</u>: | MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour |
| U. S. Department of Labor<br>Office of the Solicitor<br>525 Griffin Street, Suite 501<br>Dallas, Texas  75202 | By: |
| Telephone (972) 850-3151<br>Facsimile (972) 850-3101 | /s/ Brian L. Hurt_____<br>BRIAN L. HURT |
| RSOL Case No. 10-01251 | Attorneys for Plaintiff |